UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON ALLAN CONLEY,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

Case No. 1:05-CV-369
(Criminal Case No. 1:02-CR-68)

HON. GORDON J. QUIST

## OPINION

This Court has before it Jason Allan Conley's ("Petitioner") Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Promptly after the filing of a § 2255 motion, the court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If so, the court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

    1.    **Procedural History.**

On August 14, 2002, Petitioner pled guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On January 27, 2003, this Court sentenced Petitioner to 87 months incarceration. Judgment was entered on January 28, 2003. Petitioner filed an appeal with the Court of Appeals for the Sixth Circuit, and on March 11, 2004, the Court of Appeals affirmed the district

court's judgment. A mandate was issued on April 2, 2004. On May 24, 2005, Petitioner filed his Motion under 28 U.S.C. § 2255. The motion is timely.

## 2. *Blakely* and *Booker* Relief Cannot be Applied Retroactively.

The essence of this petition is that this Court violated Petitioner's Sixth Amendment rights by enhancing his sentence by two points under U.S.S.G. § 2K1.1(b)(4) for a stolen firearm, which had never been reported stolen, and for enhancing his sentence four levels under U.S.S.G. §2K1.1(b)(5) for use of a firearm in connection with another felony offense (distributing marijuana), which was never proven. (Def.'s § 2255 Mot. at 1.) In his motion, Petitioner cites to *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004) and *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005). In *Blakely*, decided last summer, the Supreme Court held that a Washington state trial judge's enhancement of a defendant's sentence based on the judge's finding of deliberate cruelty violated the defendant's Sixth Amendment right to a trial by jury. The decision called into question the constitutionality of both Washington state's sentencing guidelines and the federal sentencing guidelines. In *Booker*, decided this January, the Supreme Court addressed whether the federal sentencing guidelines and enhancement provisions violate a defendant's Sixth Amendment rights. The Supreme Court concluded that the mandatory federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. However, the application of the federal guidelines does not violate a defendant's constitutional rights so long as the guidelines are advisory rather than mandatory.

Here, Petitioner's claim fails because the Sixth Circuit has explicitly held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to cases on collateral review under § 2255. *See Humphress v. United States,* 398 F.3d 855, 860-863 (6th Cir. 2005). In *Humphress*, the district court had enhanced the petitioner's sentence by nine points based on factual

findings, at least some of which had not been found by the jury. The petitioner filed a § 2255 motion, claiming that the enhanced sentence violated *Blakely*. Because *Booker* was decided after the petitioner had filed his motion, the Sixth Circuit also considered *Booker* in its analysis. It concluded that, although *Booker* and *Blakely* were "new rules" of criminal procedure, they did not meet the criteria required to be applied retroactively to cases on collateral review set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989). Specifically, the new rules do not forbid punishment of certain primary conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense. *See Humphress*, 398 F.3d at 860-863. Furthermore, they are not "watershed rules" that implicate the fundamental fairness and accuracy of the criminal proceeding. *See id.* Accordingly, Petitioner's claim must fail.

### 3. Ineffective Assistance of Counsel Claim.

Petitioner also claims that his counsel was ineffective for failing to raise an argument under *Apprendi* on appeal. The Sixth Circuit has stated the test for ineffective assistance of counsel as follows:

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*
>
> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052.
>
> To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

3

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052. To determine if [Petitioner] was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993).

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002).

The standard under the deficiency prong is whether the petitioner's counsel provided "reasonably effective assistance," and "whether counsel's conduct <u>so undermined</u> the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686-87, 104 S. Ct. at 2064 (emphasis added). There is a presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and, to prevail, the petitioner must meet the burden of showing that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688-89, 104 S. Ct. at 2064. Here, it was not unreasonable for Petitioner's counsel not to have raised an *Apprendi* claim. *Apprendi* applies only where the finding increases the penalty for a crime beyond the prescribed statutory maximum. That was not the case here where the statutory maximum under 18 U.S.C. 924(a)(2) was 10 years and Petitioner was sentenced to 87 months. Furthermore, *Apprendi* does not apply to the guidelines. *United States v. Garcia*, 252 F.3d 838, 843 (6th Cir. 2001).

Furthermore, it was not unreasonable for counsel not to anticipate the decisions in *Blakely* and *Booker*. Petitioner was sentenced on November 5, 2003, after *Apprendi* but before *Blakely* and *Booker*. At the time of his plea, the law in the Sixth Circuit was that *Apprendi* applied only where the factual finding by the district court would increase a defendant's penalty for a crime beyond the prescribed statutory maximum. Petitioner was not sentenced above the statutory maximum. Even after *Blakely*, the United States Court of Appeals for the Sixth Circuit held that *Blakely* did not vitiate the United States Sentencing Guidelines. *See United States v. Koch*, 383 F.3d 436, 438 (6th

Cir. 2004) (subsequently overruled by *Booker*). Petitioner's counsel, therefore, did not fail to act as reasonable counsel for not having anticipated the Supreme Court's decisions in *Blakely* and *Booker*. Competence, not prescience, is what the constitution requires. *See United States v. Bradley,* 400 F.3d 459, 463 (6th Cir. 2005) ("[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature. A valid plea agreement, after all, requires knowledge of existing rights, not clairvoyance."); *Green v. United States*, 65 F.3d 546, 551(6th Cir. 1995) (lawyer's failure to predict Sixth Circuit's approach to law did not constitute ineffective assistance of counsel); *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995)("Defendant faults his former counsel not for failing to find existing law, but for failing to predict future law. We agree . . . that clairvoyance is not a required attribute of effective representation."); *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981) (holding that "counsel is normally not expected to foresee future new developments in the law").

Even if counsel's representation is found to be deficient, the petitioner must show that he suffered prejudice. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland* at 691, 104 S. Ct. at 2066. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2067. Rather, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. Because *Apprendi* does not apply to calculations under the guidelines, and because Petitioner was not sentenced above the statutory maximum, the outcome would not have been different even if counsel had raised an *Apprendi* argument on appeal.

5

      **4.**       **<u>No Certificate of Appealability</u>**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

## **Conclusion**

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases.  In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.


Dated:  June 15, 2005                                   /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE